IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**SHAHNAZZ BOYD,**
    **Plaintiff,**

vs.

**THE GOODYEAR TIRE & RUBBER COMPANY,**
    **Defendant.**
_____/

## COMPLAINT

Shahnazz Boyd, (hereinafter "Plaintiff"), files this Complaint against The Goodyear Tire & Rubber Company, (hereinafter "Goodyear") and alleges:

### PARTIES

1. At all times material, Plaintiff, Shahnazz Boyd, an individual, resides in Virginia.

2. At all times material, Defendant, The Goodyear Tire & Rubber Company, is a corporation and existing under the laws of the laws of the State of Ohio. Goodyear maintains its principal place of business in Akron, Ohio. Goodyear is registered to do business in the State of Florida.

### JURISDICTIONAL STATEMENT

3. This is an action for negligence exceeding $50,000.00, exclusive of attorneys' fees, interest and costs, and Plaintiff hereby demand a trial by jury; accordingly, although to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the fact of this action in compliance with Article I, Section 22, Florida Constitution.

### VENUE

4. Venue in Duval County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the negligence giving rise to this action occurred in this county.

**FACTS IN SUPPORT OF CLAIMS**

5. This lawsuit arises from services that the Defendant, Goodyear performed to the Plaintiff's 2015 Mercedes Benz motor vehicle.

6. Goodyear owns and operates, or alternatively, franchises the right to own and operate, the Goodyear Auto Service Centers located at 9738 San Jose Boulevard, Jacksonville, Duval County, FL 32257-5474.

7. On or about February 6, 2024, Plaintiff took her 2015 Mercedes Benz to be serviced at Defendant's the Service Center.

8. The Defendant, Goodyear, performed a diagnostic test on February 6, 2024, where they took in Plaintiff's motor vehicle, placed it on lift, removed the lug nuts from the tires of her motor vehicle, in order to remove the tires from the car, and examined the motor vehicle.

9. After the completion of the diagnostic test, the Defendant placed the tires back on the Plaintiff's motor vehicle. The Defendant, however, failed to place the lug nuts back on at least one the tires of Plaintiff's motor vehicle.

10. After Defendant Goodyear placed the tires back on the Plaintiff's motor vehicle and lowered the motor vehicle down from the lift, the Plaintiff left Defendant's place of business.

11. On February 7, 2024, the day after the Plaintiff had taken her 2015 Mercedes Benz into Defendant's service center, she was driving over a bridge in Jacksonville, Duval County, Florida, when her driver's side tire fell off of her car, causing her to collide with the side wall of the bridge.

12. Plaintiff's motor vehicle had to be towed from the scene of the crash by Fields Collision Center in Jacksonville, Florida, who noticed that the lug nuts were missing from the tire.

13. As a result of the faulty mechanical work performed by Defendant Goodyear, the Plaintiff was in a motor vehicle accident, where she suffered injuries as a result of Defendant, Goodyear's negligence, and Plaintiff will continue to suffer these losses in the future.

## COUNT I
## NEGLIGENCE

14. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 13.

15. This is an action for Negligence by Plaintiff against the Defendant, Goodyear.

16. Defendant held themselves out as experts in automotive diagnosis and repairs.

17. Defendant owed a duty to their customers, such as Plaintiff, to responsibly and property diagnose automotive problems, and to repair motor vehicles.

18. Defendant breached that duty by:

   a. Failing to perform reasonable and customary diagnostic tests on Plaintiff's motor vehicle; and

   b. Failing to place the lug nuts back onto the wheels of Plaintiff's motor vehicle after performing their diagnostic test;

19. As a result of Defendant's failure to properly put the Plaintiff's motor vehicle back together properly after conducting their diagnostic test, the aforementioned motor vehicle could not operate correctly, resulting in a motor vehicle collision.

20. Defendant knew or should have known that their actions described in the aforementioned paragraphs were improper. Plaintiff relied on Defendant's purported expertise to Plaintiff's detriment.

21. As a result of the motor vehicle accident, ultimately caused by Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, permanent disfigurement and scarring.  The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

## DEMAND FOR JURY TRIAL

WHEREFORE Plaintiff requests judgment against Defendant for damages together with the costs of this suit and demands a jury trial on all issues so triable and such further relief this Court deems proper.

Date this 23rd day of April 2025.

                                          **FENDERSON LAW FIRM, LLC**

*/s/ Gordon Fenderson*
_____
**GORDON L. FENDERSON, ESQUIRE**
Florida Bar Number: 759201
7400 Baymeadows Way, Suite 314
Jacksonville, Florida 32256
Telephone: (904) 854-4222
Fax: (904) 674-0070
E-Mail: attorneys@fendersonlaw.com
Secondary Email: GFenderson@Fendersonlaw.com